IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAO HAO, ET AL.,<br><br>        Plaintiffs,<br><br>    v.<br><br>NEW CENTURY MORTGAGE CORPORATION, ET AL.,<br><br>        Defendants. | No. C 12-01662 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

This is a mortgage case alleging violations in both the origination of the loan and the foreclosure process. Plaintiffs Diosdado and Salvacion Hao Hao ("Plaintiffs") have failed to file an Opposition to the Motion to Dismiss and to respond to this Court's Order to Show Cause regarding such failure. Moreover, as Plaintiff fails to state a claim for any claims asserted, the Court GRANTS the motion to dismiss with prejudice.

## I.    FACTUAL BACKGROUND

On September 30, 2005, Plaintiffs refinanced their property located at 1326 Pint St., San Pablo, CA 94806 ("Property") with two loans obtained from New Century Mortgage Corporation, in the amounts of $448,000.00 and $112,000.00 that were secured by two Deeds of Trust. Request for Judicial Notice ("RJN") Exs. 1, 2.[1] Plaintiffs defaulted on the

---

[1] Defendants request the Court take judicial notice of several documents relating to the loan and foreclosure, all of which are publicly recorded documents. Thus, the Court GRANTS the request for judicial notice. See Smith v. Aurora Loan Servs., 2010 WL 3504899, at *2 (E.D. Cal. Sept. 7, 2010).

obligation under the Loan and accrued a total default of at least $65,288.50 as of January 26, 2009, when a Notice of Default was recorded against the Property. RJN Ex. 3. On March 19, 2009, a Notice of Rescission of Notice of Default was recorded. RJN Ex. 4. However, when Plaintiffs' delinquency persisted, a second and operative Notice of Default was recorded on August 4, 2009. RJN Ex. 5.

On November 19, 2009, an Assignment of Deed of Trust was recorded reflecting that the original beneficiary, New Century Mortgage Corp., assigned all interest in the Note and Deed of Trust to Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC1 Asset-Backed Pass-Through Certificates. RJN Ex. 6. On the same day, a Substitution of Trustee was recorded reflecting that Atlantic & Pacific Foreclosure Services, LLC ("APFS") was substituted as trustee under the Deed of Trust. RJN Ex. 7. After Plaintiffs failed to cure their default, APFS recorded a Notice of Tree's Sale on November 19, 2009. RJN Ex. 8.

On December 7, 2009, allegedly in violation of the terms under the Deed of Trust, Plaintiffs recorded a Grant Deed granting a 5% interest in the property to Maria Luisa Blackwell. RJN Ex. 9. Plaintiff recorded a second Grant Deed on January 8, 2010 granting a 5% interest in the property to Jose Rodriguez. RJN Ex. 10.

On January 13, 2010, APFS recorded a Trustee's Deed upon Sale, reflecting that the foreclosure sale occurred on January 12, 2012. RJN Ex. 11. However, due to the recordings of the Grant Deeds, APFS recorded a Rescission of the Trustee's Deed Upon Sale on April 28, 2010. RJN E. 12. On April 29, 2010, Defendants recorded a second Notice of Trustee's Sale resetting the sale to May 25, 2010. RJN Ex. 13. On August 13, 2010, APFS recorded a Trustee's Deed Upon Sale, reflecting the foreclosure sale that took place on August 12, 2010. RJN Ex. 14.

On January 18, 2012, Plaintiffs filed a Complaint in state court, which Defendants removed. Dkt. 1. Defendants now move to dismiss the Complaint for failure to state a claim. Dkt. 4. Plaintiffs failed to file an Opposition, and this Court issued an Order to Show Cause why they had not done so on June 27, 2012. Dkt. 15. Plaintiffs failed to respond to

the Order to Show Cause, but did file a Case Management Statement on July 2, 2012. Dkt. 17. Plaintiffs did not appear at the hearing.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice. Id. Dismissal is proper where a complaint lacks a "cognizable legal theory" or sufficient facts to support one. Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1166 (E.D. Cal. 2010).

In the context of fraud claims, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To comply with Rule 9(b), a plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom, an explanation of why or how such statements were false or misleading, and the role of each defendant in the alleged fraud. KEMA, Inc. v. Koperwhats, No. 09-1587, 2010 WL 3464737, at *3 (N.D. Cal. Sept. 1, 2010) (citations omitted).

A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007). In determining whether amendment would be futile, the court examines whether the complaint could be amended "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

### III. DISCUSSION

Defendants move to dismiss all Plaintiffs' claims.

#### A. Failure to Tender

Defendants argue that all the claims should be dismissed for failure to tender or allege ability to tender. Such a requirement is generally assessed against wrongful foreclosure actions, which Plaintiffs do not explicitly bring here. Still, to the extent that the Complaint requests reversal of the Trustee's Sale, an order "reinstalling Plaintiffs on title of their Property," and related relief, the tender requirement applies to the availability of such remedies. "It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971).

While tender is not required where a sale is void, rather than simply voidable, the judicially noticeable documents in this case demonstrate that the Notice of Default, the Notice of Trustee's Sale, and the Trustee's Deed were properly filed by parties with interest. Thus, for Plaintiffs to rely upon a remedy for improper foreclosure, Plaintiffs would have to allege ability to tender the amount of debt. Mikels v. Estep, No. 12-0056, 2012 WL 1231832, at *5 (N.D. Cal. Apr. 12, 2012). Plaintiff has failed to do so. Thus, to the extent Plaintiff requests relief that would rescind the foreclosure sale, such relief is unavailable absent an ability to tender.

#### B. TILA

Plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, arising out of alleged failures to provide required disclosure statements. Plaintiffs' claims under TILA are time-barred. Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640. Claims for rescission must be brought within three years. 15 U.S.C. § 1635(f). This three year

period is not merely a statute of limitations; instead the Ninth Circuit has found that 15 U.S.C. § 1635(f) is a "statute of repose, depriving the courts of subject matter jurisdiction where a § 1635 claim is brought outside the three-year limitation period." McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012). The loan transaction at issue was executed on September 30, 2005. Plaintiffs did not file the instant action until January 18, 2011, over five years later. Thus, the claims for damages or rescission under TILA are time barred, and dismissed with prejudice. See Mikels, 2012 WL 1231832, at *3.

### C.  RESPA

Plaintiffs allege Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*, by failing to provide the required disclosures. RESPA imposes a one-year statute of limitations for any purported violations of Section 2605. 12 U.S.C. § 2614. Since the loan originated over five years ago, this claim is also time-barred, and dismissed with prejudice.

### D.  Rosenthal Act

Plaintiffs allege Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788, through the foreclosure process. However, non-judicial foreclosure is not consider "debt collection" under the Rosenthal Act. Vann v. Wells Fargo Bank, No. 12-1181, 2012 WL 1910032, at *10 (N.D. Cal. May 24, 2012) (citing Saldate v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1131-32 (E.D. Cal. 2010)). Thus, since Plaintiffs' claim only challenges the foreclosure, this claim is dismissed with prejudice.

### E.  Negligence and Breach of Fiduciary Duty

The elements of a negligence cause of action under California law are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. Paz v. California, 22 Cal. 4th 550, 557-58 (2001). In California, there is generally no duty of care owed to a borrower by a lender. See Nymark v. Heart Federal Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."). "Liability to

5

a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980). Plaintiff has not made any allegations that Wells Fargo acted "beyond the domain of . . . money lender."

Accordingly, no duty of care exists. Bond v. Cal Western Reconveyance Corp., No. 12-1523, 2012 WL 2150313, at *6 (N.D. Cal. June 12, 2012). Thus, the Court grants the motion to dismiss with respect to this claim with prejudice.[2]

The same is true of the claim for breach of fiduciary duty. Plaintiffs allege Defendants breached their fiduciary duty by obtaining a mortgage loan that was not in Plaintiffs' best interest. Compl. ¶¶ 81-88. A lender or creditor is not a borrower's fiduciary and does not owe the borrower a fiduciary's duty of care. Nymark v. Heart Fed. Sav. & Loan Ass'n., 231 Cal. App. 3d 1089, 1092 (1991) ("a financial institution acting within the scope of its conventional activities as a lender of money owes no duty of care to a borrower in preparing an appraisal of the security for a loan when the purpose of the appraisal simply is to protect the lender by satisfying it that the collateral provides adequate security for the loan"). Accordingly, Plaintiffs' claim fails. Cross v. Wells Fargo Bank, N.A., No. 11-0447, 2011 WL 6136734, at *9 (C.D. Cal. Dec. 9, 2011). Thus, the Court grants the motion to dismiss with prejudice.

**F.    Fraud**

Plaintiffs base their claim for fraud on what appear to be three separate grounds. First, that Defendants did not have authority to foreclose on the property because the assignment of the deed of trust was not acknowledged or recorded, in violation of California Civil Code § 2932.5. Second, that Defendants violated UCC § 3-301 because they are not holders of the note. Third, that Defendants acted in an *ultra vires* manner by loaning Plaintiffs money in the first place.

---

[2] As Plaintiffs have failed to file an Opposition, respond to this Court's Order to Show Cause, or appear at the scheduled hearing, the Court finds allowing amendment on this one claim would be futile.

6

"A cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192 (9th Cir. 2001) (quoting Wilkins v. Nat'l Broadcasting Co., Inc., 71 Cal. App. 4th 1066, 1082 (1999)); see also Cal. Civ. Code § 1572. In order to recover under fraud-based claims, a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see Vess v. Civa–Geigy, Inc., 317 F.3d 1097, 1106 (9th Cir. 2003) (allegations of fraud must include "the who, what, when, where, and how" of the misconduct charged). Further, when there are multiple defendants, a plaintiff cannot lump the defendants together, but must differentiate so as to inform each defendant of their alleged wrongdoings. Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (holding that plaintiffs' complaint failed to meet Rule 9(b) requirements when allegations of fraud against multiple defendants did not state specific misconduct of each). Plaintiffs allegations fail to meet this standard, and do not allege all the requisite elements of fraud. Moreover, the bases for the fraud claim also fail as a matter of law.

The third basis for the fraud claim – that the original loan is void as an *ultra vires* transaction – is barred by the applicable three-year statute of limitations because all of the acts constituting this claim occurred in 2005, and Plaintiff has not justified delayed discovery or a basis for equitable tolling. See Cal. Code Civ. Proc. § 338(d); see Hague v. Wells Fargo Bank, N.A., No. 11-2366, 2012 WL 1029668 (N.D. Cal. March 26, 2012).

The first basis for the fraud claim is also unavailing. Plaintiffs argue that Defendants did not have authority to foreclose on the property because an assignment of deed of trust was neither acknowledged nor recorded, in violation of Cal. Civ. Code § 2932.5. However, the weight of California authority demonstrates that Section 2932.5 applies only to mortgages, and not to deeds of trust. See, e.g., Tapang v. Wells Fargo Bank, N.A., No. 12-

7

2183, 2012 WL 1894273, at *3 (N.D. Cal. May 23, 2012) ("[I]t is not apparent that § 2932.5 even applies to deeds of trust."); Rogue v. Suntrust Mortg., Inc., No. 09-0040, 2010 WL 546896, at *7 (N.D. Cal. Feb. 9, 2010) ("Section 2932.5 applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee."). Plaintiffs' loan is secured by a Deed of Trust conveying power of sale to the trustee. RJN Ex. 1. Thus, Section 2932.5 is inapplicable to the factual situation at issue here.

The second basis for fraud fails as well. Plaintiffs argue that Defendants are not the holder of the note or not authorized to enforce the note pursuant to UCC § 3-301. This provision "of the UCC pertain[s] to negotiable instruments, not non-judicial foreclosure under deeds of trust, which is governed by California Civil Code section 2924, *et seq.* Section 2924(a)(1) provides that a 'trustee, mortgagee or beneficiary or any of their authorized agents' may conduct the foreclosure process." Olivier v. NDEX West, LLC, No. 09-0099, 2009 WL 2486314, at *2 (E.D. Cal. Aug. 12, 2009) (citing Cal. Civ. Code § 2924(a)(1)). California courts have held that the Civil Code Provisions "cover every aspect" of the foreclosure process, I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal. 3d 281, 285 (1985), and are "intended to be exhaustive," Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994). There is no requirement that the party initiating foreclosure be in possession of the original note, and courts have repeatedly held that possession of the original note is not a prerequisite to foreclosure. See, e.g., Candelo v. NDEX West, LLC, No. 08-1916, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No Requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."); Putkkuri v. ReconTrust Co., No. 08-1919, 2009 WL 32567, at *2 (S.D. Cal. Jan 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."). Thus, this argument is also unavailing. Accordingly, the Court grants the motion to dismiss the fraud claim with prejudice.

**G.     Implied Covenant of Good Faith and Fair Dealing**

To allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract require him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. Chancellor v. OneWest Bank, No. 12-1068, 2012 WL 1868750, at *12 (N.D. Cal. May 22, 2012). Here, Plaintiffs fail to allege that they did all or substantially all of the things that the contract (assumedly the Deed of Trust, as Plaintiffs simply refer to "the contract that is at issue in this action"), or that they were excused from doing so. Moreover, the judicially noticed documents demonstrate that Plaintiffs are in default on their loan, and thus, that they have not performed under the contract. Thus, the court grants the motion to dismiss with respect to this claim with prejudice.

**H.     UCL**

Plaintiffs base their UCL claim on the other allegations in the Complaint. Compl. ¶ 117 ("Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by Cal. Bus. & Prof. Code § 17200, by engaging in the unlawful, unfair, and fraudulent business practices alleged herein."). Since Plaintiffs' proceeding claims fail, so does their claim for violation of the UCL, as there is no longer any predicate claim. C.f., Chavers v. GMAC Mortg., LLC, No. 11-1097, 2012 WL 2343202, at *6 (C.D. Cal. June 20, 2012).

**IV.    CONCLUSION**

For the forgoing reasons, the Court GRANTS the motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: July 13, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE